UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABDOULAYE TRAORE,

                    Plaintiff,

        -against-                                      22-CV-1432 (LTS)

RIKERS ISLAND C-95 AND C-76;                          ORDER TO AMEND
MEDICAL STAFF AND CORRECTIONAL
OFFICERS,

                    Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Abdoulaye Traore brings this *pro se* action under 42 U.S.C. § 1983, alleging that

Defendants violated his constitutional rights when he was detained on Rikers Island. By order

dated May 5, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that

is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to

file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

## BACKGROUND

Plaintiff alleges that, during his detention at Rikers Island,[1] he was:

> subjected to inhuman conditions such as no religious services of any kind, no soap, no change of linen, shortage of staff with an increase of inmate on inmate violence with no staff or correction officers to back up anyone, anything or any situation. Some inmates also did not go to court appearances due to lack of staffing. Inmate who had the COVID virus were not separated from general population without any mask or type of protection against spreading the virus. Correction officers also gave out used razors. There were no cleaning supplies for multiple times daily and weekly. The medical staff is under staffed in which I was

---

[1] Plaintiff alleges that the events giving rise to this complaint occurred from November 9, 2021, "to current," but by the time the Court received the pleading on February 18, 2022, he was no longer in custody. (ECF 2 ¶ V.)

2

not given my daily mental health medications for several weeks and was not even
seen by a doctor or mental health specialist for several weeks and after several
311 confirmed complaint to staff and the correctional officers. No law library, no
visits, no recreation (gym, yard), no mail (outgoing or incoming).

(ECF 2 ¶ V.) Plaintiff alleges that he suffered mental, physical, and psychological injuries, for

which he seeks $70 million in damages. (*Id.* ¶ VI.)

On the same day that Plaintiff filed this complaint, he filed two others arising from his

detention at Rikers, both of which remain pending. *See Traore v. New York Dep't of Corr.*, ECF

1:22-CV-1429, 2 (JPO) (alleging that, in December 2021, Plaintiff was detained under

circumstances which left him vulnerable to contracting COVID-19); *Traore v. New York City*

*Dep't of Corr.*, ECF 1:22-CV-1430, 2 (LTS) (alleging that, in November 2021, Plaintiff did not

receive mental health medication or treatment).

## DISCUSSION

### A.      Claims asserted in other complaints

In this complaint, Plaintiff asserts that, beginning in November 2021, and continuing for

an unspecified period of time, Defendants failed to prevent the spread of COVID-19 among the

detainees at Rikers (COVID claim), and also failed to treat his mental illness (mental health

claim). Because Plaintiff asserted these claims in prior complaints which remain pending, the

Court dismisses the COVID-19 claim and the mental health claim without prejudice to the

matters pending in 22-CV-1429 (JPO), and 22-CV-1430 (LTS).

### B.      New claims

#### 1.      Conditions of confinement

Plaintiff alleges that his constitutional rights were violated in numerous additional ways

during his time at Rikers. To state a constitutional claim under 42 U.S.C. § 1983, a plaintiff must

allege both that: (1) a right secured by the Constitution or laws of the United States was violated,

and (2) the right was violated by a person acting under the color of state law, or a "state actor."

*West v. Atkins*, 487 U.S. 42, 48-49 (1988). "The Constitution 'does not mandate comfortable

prisons' . . . but neither does it permit inhumane ones, and it is now settled that 'the treatment a

prisoner receives in prison and the conditions under which he is confined are subject to scrutiny

under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes

v. Chapman*, 452 U.S. 337, 349 (1981), and *Helling v. McKinney*, 509 U.S. 25, 31(1993)).

Plaintiff, who was a pretrial detainee at the time of the events giving rise to his claims,

alleges that, for an unspecified period of time, he was housed in unsanitary conditions; that there

were staff shortages and violent events occurring around him; and that he was denied recreation

and visits. The Court construes Plaintiff's allegations as asserting conditions-of-confinement

claims under the Due Process Clause of the Fourteenth Amendment to the United States

Constitution. *See Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17,

29 (2d Cir. 2017). A pretrial detainee can state a conditions-of-confinement claim under the

Fourteenth Amendment by alleging that his conditions were objectively serious, and the

defendants "should have known that the condition posed an excessive risk to health or safety."

*Darnell*, 849 F.3d at 35.

Here, Plaintiff fails to state a viable conditions-of-confinement claim because he does not

allege enough facts suggesting that any individual was aware of a specific risk of serious injury

to Plaintiff, and then ignored that risk. Plaintiff instead broadly describes the conditions at Rikers

Island, generally experienced by detainees. These general allegations do not describe any

particular condition that Plaintiff experienced, or that any defendant was aware of such a

condition and chose to ignore it. It is also not clear how long Plaintiff experienced these

conditions. The Court grants Plaintiff leave to provide facts in support of his claim that the

conditions under which he was housed were objectively serious, and that the defendants should have known that the condition posed an excessive risk to his health or safety.

      2.      Mail service

      "[A] prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (relying on *Heimerle v. Attorney General*, 753 F.2d 10, 12–13 (2d Cir.1985)). Courts "have consistently afforded greater protection to legal mail than to non-legal mail, as well as greater protection to outgoing mail than to incoming mail." *Id.* at 351.

      "[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation." *Id.* at 351-52. To state a claim based on mail tampering, a plaintiff must allege that the incidents: (1) suggest an ongoing practice of censorship unjustified by a substantial government interest, or (2) have unjustifiably chilled the prisoner's right of access to the court or impaired his legal representation. *Id.* at 351. Thus, in *Davis*, the district court dismissed the plaintiff's allegations of two instances of tampering with his mail on the ground that he had "not alleged that the interference with his mail either constituted an ongoing practice of unjustified censorship or caused him to miss court deadlines or in any way prejudiced his legal actions," and the Second Circuit affirmed the dismissal. *Id.*

      Here, Plaintiff alleges that there was "no mail (outgoing or incoming)." (ECF 2 ¶ V.) Plaintiff's allegations are insufficient to suggest that his personal mail was tampered or interfered with, that he suffered any prejudice to a legal claim, or that Defendants had an invidious motive. Plaintiff's allegations thus fail to state a claim that any defendant violated his rights under the First Amendment. The Court grants Plaintiff leave to amend to replead this claim. If Plaintiff asserts claims for mail tampering or interference in violation of his First Amendment rights, he

must plead facts suggesting that the mail tampering caused some harm to his legal actions or

"suggests an ongoing practice of censorship unjustified by a substantial government interest."

*Davis*, 320 F.3d at 351.

       3.     Law library access

      The U.S. Supreme Court held in *Bounds v. Smith*, 420 U.S. 817, 821, 828 (1977), that

prisoners "have a constitutional right of access to the courts," which "requires prison authorities

to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners

with adequate law libraries or adequate assistance from persons trained in the law." The Supreme

Court has since clarified, however, that "*Bounds* did not create an abstract, freestanding right to a

law library or legal assistance, [and] an inmate cannot establish relevant actual injury simply by

establishing that his prison's law library or legal assistance program is subpar in some theoretical

sense." *Lewis*, 518 U.S. at 351. "[P]rison law libraries and legal assistance programs are not ends

in themselves, but only the means for ensuring a reasonably adequate opportunity to present

claimed violations of fundamental constitutional rights to the courts." *Id.* (internal quotation

marks omitted). Indeed, prison law libraries are merely "one constitutionally acceptable method

to assure meaningful access to the courts," *id.*, and "the provision of counsel can be a means of

accessing the courts." *Benjamin v. Fraser,* 264 F.3d 175, 186 (2d Cir. 2001); *Bourdon v.

Loughren*, 386 F.3d 88, 92-93 (2d Cir. 2004) (quoting *Bounds*, 420 U.S. at 821, 828).

      Plaintiff alleges that there was "no law library" during his custody. Plaintiff does not

allege that he was representing himself in his criminal proceedings or that the lack of access to

the prison law library frustrated his ability to assert any legal claim. *See Lewis*, 518 U.S. at 354-

55 (holding that a "plaintiff thus does not state a constitutional claim merely by alleging he was

denied access to the prison law library for a time; he must also allege that the denial frustrated

his ability to assert a legal claim"). Plaintiff thus fails to state a claim under Section 1983 arising

from the lack of law library access.

> 4.      Religious services

Under the Religious Land Use and Institutionalized Persons Act (RLUIPA), and the Free

Exercise Clause of the First Amendment, the government may not "substantial[ly] burden" a

prisoner's religious exercise unless the burden furthers a compelling governmental interest by the

least restrictive means. *Jova v. Smith*, 582 F.3d 410, 415 (2d Cir. 2009). RLUIPA provides that

"[n]o government shall impose a substantial burden on the religious exercise of a person residing

in or confined to an institution . . . even if the burden results from a rule of general applicability,

unless the government demonstrates that imposition of the burden on that person—(1) is in

furtherance of a compelling governmental interest; and (2) is the least restrictive means of

furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a).[2]

Plaintiff's allegations that there were "no religious services of any kind" does not suggest

significant interference with his right to practice his religion. The Court grants Plaintiff leave to

amend his complaint to explain the nature of his religious beliefs and the manner in which the

lack of religious services substantially burdened his religious practice.

---

[2] RLUIPA does not provide for monetary damages against state officials sued in their official capacity, *Sossamon v. Texas*, 563 U.S. 277 (2011), or in their individual capacities. *Washington v. Gonyea*, 731 F.3d 143 (2d Cir. 2013) (per curiam). In this Circuit, a prisoner's transfer from a correctional facility generally moots claims for declaratory and injunctive relief against officials of that facility. *Booker v. Graham*, 974 F.3d 101, 107 (2d Cir. 2020); *Walker v. City of New York*, 367 F. Supp. 3d 39, 51 (S.D.N.Y. 2019) ("In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility.") (citing *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006)).

## C.        Named defendants

Plaintiff names "Rikers Island C95 and C76 medical staff and correctional officers." The "medical staff" is not considered a person under Section 1983. *See, e.g.*, *Kerr v. Cook*, No. 3:21-CV-0093 (KAD), 2021 WL 765023, at *4 (D. Ct. Feb. 26, 2021) (holding that correctional facility "medical staff" is a not person under Section 1983); *Connor v. Hurley*, No. 00-CV-8354 (LTS) (AJP), 2004 WL 885828, at *3 (S.D.N.Y. Apr. 26, 2004) (holding that Green Haven Correctional Facility "medical staff" is not a person under Section 1983); *Ferguson v. Morgan*, No. 90-CV-6318 (JSM), 1991 WL 115759 (S.D.N.Y. June 20, 1991) (holding that claim against prison medical staff, without naming a particular person, did not name a person under Section 1983). Also, Rikers Island is not a "person" within the meaning of Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of Section 1983 claims); *Zuckerman v. Appellate Div., Second Dep't Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of Section 1983).

The Court therefore dismisses Plaintiff's claims against "Rikers Island C95 and C76 medical staff for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is granted leave to amend his Section 1983 claims to name as defendants the individual Department of Correction staff members who he alleges violated his rights.[3]

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

---

[3] As discussed below, Plaintiff may list John or Jane Doe correction officers if at this stage he does not know their names.

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid Section 1983 claims, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. First, Plaintiff must name as the defendants in the caption[4] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[5] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

---

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[5] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff's COVID claim and mental health claim are dismissed without prejudice to litigation of those claims as asserted in 22-CV-1429 and 22-CV-1430. Plaintiff's claims against "Rikers Island C95 and C76 medical staff" are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e )(2)(B)(ii).

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-1432 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 16, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

-against-

**AMENDED**

_____

_____

**COMPLAINT**

Do you want a jury trial?
☐ Yes      ☐ No

_____
Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff ,  _____ , is a citizen of the State of

(Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

## A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name              Middle Initial          Last Name

_____

Street Address

_____

County, City                 State             Zip Code

_____

Telephone Number               Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:
_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                          Zip Code

Defendant 2:
_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                          Zip Code

Defendant 3:
_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                          Zip Code

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                 Zip Code

## III.  STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated | Plaintiff's Signature

First Name | Middle Initial | Last Name

Street Address

County, City | State | Zip Code

Telephone Number | Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.